**Charles N. BAKER, Plaintiff,**

v.

**Ronald ALDERMAN, individually and officially as Hillsborough County Property Appraiser, and Hillsborough County Civil Service Board, Defendants.**

No. 88–1335–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

June 3, 1991.

Kennan George Dandar, Tampa, Fla., for plaintiff.

Claude H. Tison, Jr., Ted R. Manry, III, MacFarlane, Ferguson, Allison & Kelly, Charles G. Burr, Zinober & Burr, Tampa, Fla., Arthur C. Wallberg, Asst. Atty. Gen., Department of Legal Affairs, Tallahassee, Fla., Jacqueline B. Whatley, Richard A. Harrison, Gibbons, Tucker, Miller, Whatley & Stein, P.A., Tampa, Fla., for defendants.

ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

Dkt. 46 Motion for Summary Judgment of Defendant, Alderman

Dkt. 47 Motion for Summary Judgment of Defendant, Alderman, in his capacity as property appraiser for Hillsborough County

Dkt. 56 Motion for Summary Judgment of Defendant, Hillsborough County Civil Service Board

Dkt. 64 Motion for Leave to File Motion for Summary Judgment of Plaintiff

Plaintiff has filed a First Amended Complaint asserting the following claims:

1. Violation of procedural due process in that plaintiff was not afforded an opportunity to be heard prior to discharge as guaranteed by the Fourteenth Amendment of the United States Constitution;

2. Violation of procedural due process in that Plaintiff was not afforded an opportunity to be heard during a post-termination hearing;

3. Violation of procedural due process in that Plaintiff was denied a penalty hearing;

4. Violation of procedural due process due to Defendant's failure to notify Plaintiff of the existence and application of section 99.012(7);

5. Estoppel;

6. Violation of substantive due process in that Plaintiff's discharge was unreasonable, fundamentally unfair, arbitrary, capricious, and grossly excessive punishment;

7. Violation of Plaintiff's right to equal protection under the Fourteenth Amendment;

8. Violation of Plaintiff's First Amendment rights;

9. Wrongful discharge based on improper motivation;

10. Discrimination on the basis of political party affiliation in violation of

the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and

11. Unconstitutionality of section 99.012(7) of the Florida Statutes.

## FACTS

Beginning in 1980, Plaintiff was employed by the Hillsborough County Property Appraiser as a Land Evaluator. In 1984, Plaintiff decided to run for the office of Hillsborough County Property Appraiser. Prior to the election, Plaintiff took the Oath of Candidate. Plaintiff swore to the following:

> Before me, an office authorized to administer oaths, personally appeared [CHARLES "CHUCK" Plaintiff], to me well known, who being sworn, says that he is a candidate for the office of [Property Appraiser]; that he is a qualified elector of [Hillsborough] County, Florida; that he is qualified under the Constitution and laws of Florida to hold the office to which he desires to be nominated or elected; that he has not violated any of the laws of the State relating to elections or the registration of electors; that he has qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with that of the office he seeks; and that he has resigned from any office from which he is required to resign pursuant to Section 99.012 Florida Statutes.

On November 6, 1984, Daniel was reelected to the position of Hillsborough County Property Appraiser defeating Plaintiff. On November 7, 1984, Plaintiff attempted to resume his duties at the Property Appraiser's office at which time he was informed that he was no longer an employee at the Property Appraiser's Office, pursuant to section 99.012(7) of the Florida Statutes, which provides as follows:

> For the purpose of this section, no individual who is a subordinate personnel, deputy sheriff or police officer need resign pursuant to subsection (2) or subsection (3) unless such individual is seeking to qualify for a public office which is currently held by an individual who has

the authority to appoint, employ, promote or otherwise supervise that subordinate personnel, deputy sheriff or police officer and who has qualified as a candidate for reelection to that public office. However, any such personnel, deputy sheriff or police officer shall take a leave of absence without pay from his employment during the period which he is seeking election to public office.

Property Appraiser Daniel sought a declaratory judgment seeking a declaration of the rights of the parties under section 99.012(7). The circuit court held that section 99.012(7) did not apply; instead, section 25 of the Hillsborough County Civil Service Law Chapter 82–301 applied and Plaintiff was not required to resign in order to run against Daniel. The Second District Court of Appeal, reversing the circuit court's decision, held that section 99.012(7) applied to Plaintiff and Plaintiff was required to resign his position at the Property Appraiser's Office before running against his supervisor. *Parker v. Baker*, 499 So.2d 843 (Fla. 2d DCA 1986). On May 30, 1989, Plaintiff filed his initial complaint with this Court.

### Standard of Review

A summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the burden to prove that there is an absence of a genuine issue of any material fact when viewing the evidence in the light most favorable to the adverse party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983).

Furthermore, summary judgment shall be granted when the Plaintiff fails to establish an essential element in Plaintiff's case. In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the United States Supreme Court stated that:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial.

*Id.* at 323, 106 S.Ct. at 2552.

EFFECT OF SECTION 99.012(7)

■ The resign-to-run requirement in section 99.012(7) of the Florida Statutes is enforced by section 99.021 which provides that "[e]ach candidate ... for nomination or election to any office other than a judicial office as defined in chapter 105, shall take and subscribe to an oath or affirmation in writing." Plaintiff swore, under the Oath of Candidate, "that he has resigned from any office from which he is required to resign pursuant to Section 99.012 Florida Statutes." Hence, when Plaintiff signed the Oath of Candidate, he made a sworn affirmation of resignation. This Court finds that Plaintiff resigned by operation of law, pursuant to section 99.012(7) of the Florida Statutes.

The first ten claims require that Plaintiff establish, as an essential element to the causes of action, that Plaintiff was discharged. Since this Court finds that Plaintiff was not discharged, but resigned, summary judgment is mandated as to the first ten claims, in accordance with the standard set forth in *Celotex Corp. v. Catrett.*

JURISDICTION

■ In light of the prior state court judgment, this Court must first determine whether it has subject matter jurisdiction to hear a claim attacking the constitutionality of section 99.012(7) of the Florida Statutes. According to the *Rooker–Feldman* doctrine, a plaintiff may forfeit his right to obtain review of a federal issue if that issue is inextricably intertwined with the state court's judgment and the plaintiff had reasonable opportunity to raise his claim in the state court proceedings. According to *Wood v. Orange County,* 715 F.2d 1543 (11th Cir.1983),

> [*District of Columbia Court of Appeals v.*] *Feldman* [, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ].... reminds the lower federal courts that, because federal review of state court decisions is entrusted solely to the Supreme Court, they may not decide federal issues that

are raised in state proceedings and "inextricably intertwined" with the state court's judgment. *Id.* at [483–486], 103 S.Ct. at 1316–17, 75 L.Ed.2d at 225. *Feldman,* moreover, indicates that the *Rooker* [*v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) ] bar also operates where the plaintiff fails to raise his federal claims in state court.... Although at first blush the Court's apparent endorsement of the rule that a federal district court may not assume jurisdiction over issues that the plaintiff failed to present to state courts supports defendants' position in this case, there is an important limitation on this rule. The rule can apply only where the plaintiff had a reasonable opportunity to raise his federal claim in state proceedings.

*Id.* at 1546–47. Furthermore, in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the United States Supreme Court stated:

> [T]he fact that we may not have jurisdiction to review a final state-court judgment because of a petitioner's failure to raise his constitutional claims in state court does not mean that a United States District Court should have jurisdiction over the claims. By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court.

*Id.* at 482, n. 16, 103 S.Ct. at 1316, n. 16.

Since the prior state court proceeding addressed the issue of whether section 99.012(7) of the Florida Statutes or the local law applied to Plaintiff, this Court finds that the claim regarding constitutionality of the same statute is inextricably intertwined with the state court proceeding. This Court also finds that Plaintiff had a reasonable opportunity to present this issue in the state court proceeding in that Plaintiff could have asserted this issue in a counterclaim during the prior state action. Accordingly, it is

ORDERED that summary judgment is granted to Defendants as to the first ten causes of action. It is further

ORDERED that summary judgment is granted to Defendants as to the eleventh cause of action based on lack of jurisdiction. It is further

ORDERED that Plaintiff's motion for leave to file motion for summary judgment is denied.

DONE AND ORDERED.