**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/19/98
THOMAS K. KAHN
CLERK

No. 94-3291

D.C. Docket No. 88-1335-CIV-T-17A

CHARLES N. BAKER,

Plaintiff-Appellant,

KENNAN G. DANDAR,

Movant-Appellant,

versus

RONALD ALDERMAN, individually and officially
as Hillsborough County Property Appraiser, and
HILLSBOROUGH COUNTY CIVIL SERVICE BOARD,

Defendants-Appellees.

No. 95-2983

D.C. Docket No. 88-1335-CIV-t-17A

KENNAN G. DANDAR,

Movant-Appellant,

versus

RONALD ALDERMAN, HILLSBOROUGH COUNTY
CIVIL SERVICE BOARD,

Defendants-Appellees.

No. 95-3055

D.C. No. 88-1335-CIV-T-17A

CHARLES N. BAKER,

Plaintiff-Appellant,

versus

RONALD ALDERMAN, HILLSBOROUGH COUNTY
CIVIL SERVICE BOARD,

Defendants-Appellees.

Appeals from the United States District Court for the
Middle District of Florida

**(October 19, 1998)**

Before CARNES, Circuit Judge, and CLARK and CAMPBELL*, Senior Circuit Judges.

CLARK, Senior Circuit Judge:

*Honorable Levin H. Campbell, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

# I. BACKGROUND

Plaintiff-appellant Charles Baker and his former attorney, Kennan G. Dandar ("Dandar"), appeal the district court's order awarding sanctions in the form of reasonable attorney's fees pursuant to Fed.R.Civ.P. 11 in the amount of $37,137.50 to defendant-appellee Ronald Alderman, and pursuant to Rule 11 and 42 U.S.C. § 1988 in the amount of $89,088.39 to defendant-appellee Hillsborough County Civil Service Board ("the Board"). They also appeal the denial of Dandar's motions to dismiss Alderman's and the Board's claims for attorney's fees and to stay the order awarding attorney's fees pending appeal.[1]

In 1984, Baker was employed by the Hillsborough County Property Appraiser as a land evaluator. He qualified as a candidate for the office of the Hillsborough County Property Appraiser and submitted a leave of absence without pay to the Property Appraiser and to the Board, pursuant to the Hillsborough County Civil Service Rules ("the local law").[2] Prior to the election, Baker took an oath stating that he "had resigned from any office from which he [was] required to resign pursuant to Section 99.012 Florida Statutes" ("the statute").[3] The statute required that "subordinate personnel" resign when qualifying "for a public office which is currently held by an individual who has the authority to appoint, employ, promote or otherwise supervise that subordinate personnel." Baker lost the election, and attempted to return

---

[1] No. 94-3291 (order awarding fees and order awarding amount of fees); Nos. 94-3291, 95-2983 and 95-3055 (order denying motion to dismiss claims and to stay). The appeals were consolidated in this court.

[2] Hillsborough County Civil Service Rules Law 82-301 § 25 (requiring a person holding a position with the county to take a leave of absence when qualifying as a political candidate).

[3] Baker v. Alderman, 766 F.Supp. 1112, 1113 (M.D. Fla. 1991), aff'd sub nom, Baker v. Parker, 979 F.2d 1537 (11th Cir. 1992).

to work on November 7, 1984. At the Property Appraiser's office, Baker was informed that he was no longer an employee pursuant to the statute.

The Property Appraiser filed an action in state trial court seeking a declaration that Baker had resigned under the statutory provisions. The trial court entered summary judgment in favor of Baker, finding that the local law governed because the statute and local law were inconsistent.[4] The state appellate court reversed, concluding that the statute and local law were not inconsistent and the statute required that Baker resign.[5]

In 1988, Baker filed an action against Alderman, individually and as Property Appraiser, and Hillsborough County Civil Service Board ("the Board"), alleging violations of 42 U.S.C. § 1983.[6] Baker alleged that the defendants violated procedural due process because they terminated him without a hearing and did not advise him of the existence and application of the statute.[7] Baker also alleged that the defendants: violated substantive due process by terminating him in an arbitrary and capricious manner; terminated him because of his political party affiliation; wrongfully discharged him; and violated his equal protection and first amendment rights.[8] The district court granted summary judgment to Alderman and the Board,[9] finding that, because Baker had "resigned by operation of Florida law" when he

---

[4] Parker v. Baker, 499 So.2d 843, 844 (Fla.Dist.Ct.App. 1986), review denied, 506 So.2d 1040 (Fla. 1987).

[5] Id. at 844.

[6] Baker v. Alderman, 766 F.Supp. at 1113.

[7] Id.

[8] Id.

[9] Id.

4

signed the oath of candidate, he could not establish the "discharge" element of his civil rights claim.[10] It also found that Baker had forfeited his right to challenge the constitutionality of the Florida statute by failing to raise it during the prior state court proceeding.[11] Baker appealed, but this court affirmed.[12]

Following the disposition of the appeal, the district court granted the motions for sanctions under Fed.R.Civ.P. 11 filed by Alderman, individually, and under Rule 11 and 42 U.S.C. § 1988 filed by the Board, stating that sanctions would "be awarded in the form of reasonable attorney's fees."[13] The district court granted an award as to Alderman in both his individual and official capacity.[14] It granted the Board's motion for reasonable cost and attorney's fees, stating that "to avoid duplicity, attorneys' fees will be awarded only under sanctions."[15] The district court denied without comment Baker's motion for rehearing, reconsideration or clarification which argued, <u>inter</u> <u>alia</u>, that Alderman had not moved for attorney's fees in his official capacity. Alderman, in his official capacity, and the Board submitted petitions for assessment of fees and costs, time sheets, billing statements, and affidavits, and Baker responded and moved to dismiss the affidavits as untimely. The district court denied Baker's motion to dismiss the affidavits as untimely, and awarded Alderman

---

[10] <u>Id.</u> at 1115-1116.

[11] <u>Id.</u>

[12] <u>Baker v. Parker</u>, 979 F.2d 1537 (1992).

[13] R3-106.

[14] The district court's order refers to the motion for sanctions filed by Alderman, as having been filed "individually and in officially as Hillborough County Property Appraiser." R3-106 at 17. Alderman's motion and memorandum were filed only in his individual capacity. R3-83, R3-84.

[15] <u>Id.</u>

5

$37,137.50 in attorney's fees, and the Board $89,088.39 in attorney's fees.[16] Baker, represented by attorney Kennan G. Dandar, and Dandar, proceeding pro se appealed.[17] Dandar then moved to withdraw as counsel for Baker, based on the "inherent conflict of interest."[18] The district court granted the motion, and permitted Baker thirty days in which to seek other counsel or to notify the court if he would be proceeding pro se.

In response to the Board's request for entry of judgment, Dandar moved for an evidentiary hearing to determine ability to pay, a stay pending the appeal, and a protective order on discovery sought by the Board, and Baker filed objections pro se. The district court found that a hearing was not required, noted that it had jurisdiction to order sanctions despite a pending notice of appeal, and found that a stay was precluded by the "fact that a party may be unable to pay a judgment."[19] The district court denied Dandar's motion to stay and for a protective order, and granted

---

[16] The district court found Alderman's attorney's hours expended and hourly rates reasonable, and awarded Alderman the requested amount. The district court's order does not specify whether the fees awarded to Alderman were as to his individual or official capacity, and following entry of the order, Alderman filed an application for fees and costs in his individual capacity. Dandar moved to dismiss the claim of Alderman individually as untimely and unsupported by the evidence, but the motion was denied.
  The district court found the Board's 911 hours expended unreasonable, reduced the requested hours by 25% as excessive and unnecessary, found the hourly rates reasonable, and awarded the Board the requested amount with a 25% reduction.

[17] This court docketed this appeal as no. 94-3291. After Dandar moved to withdraw, Baker renewed this notice of appeal pro se.

[18] R4-136.

[19] No. 94-3291 1SR1-153; Nos. 95-2983 and 95-3055 R1-149.

6

the Board's motion for entry of judgment. Following the entry of judgment, Baker, proceeding pro se, and Dandar appealed.[20]

## II. ISSUES AND APPLICABLE STANDARDS OF REVIEW

On appeal, Baker and Dandar raise two issues:

(1) Whether the district court erred by awarding attorney's fees under Rule 11 and 42 U.S.C. § 1988; and

(2) Whether the amount of fees awarded by the district court was within its discretion.

This court reviews the district court's award of sanctions under Rule 11 and 42 U.S.C. § 1988 for abuse of discretion.[21]

## III. THE IMPOSITION OF SANCTIONS

Baker and Dandar argue that the district court erred in awarding fees because the motions for sanctions were not timely, Baker's claims were not frivolous, and there was no hearing on the motions. Baker also argues that he should not be held liable for the actions of his attorney. Dandar also argues that Alderman failed to file a motion for sanctions in his official capacity.

Timeliness

---

[20] These appeals were, respectively, docketed in this court as Nos. 95-2983 and 95-3055. Although Baker filed his notice of appeal and brief pro se, he was represented at oral argument by attorney Andrew Grosso.

[21] Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990) (an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination); Loranger v. Stierheim, 10 F.3d 776, 779 (11th Cir. 1994) (a district court's order on attorney's fees in a civil rights action is reviewed for abuse of discretion).

Baker and Dandar claim that the motions for sanctions and petitions for assessment were untimely, and that they were unfairly surprised and prejudiced by the delay.

The Board first notified Baker that they intended to seek Rule 11 sanctions if the case was not voluntarily dismissed with prejudice because the claims were "utterly frivolous" about one year after the district court action was filed.[22] In March 1990, Baker was notified by Alderman, individually, that he would pursue Rule 11 sanctions.[23] The Board requested and Alderman requested reasonable costs in their answers to the First Amended Complaint.

Within 30 days of the district court's entry of judgment against Baker, the Board moved for sanctions, costs, and attorney's fees pursuant to Rule 11 and 42 U.S.C. § 1988.[24] Baker responded, arguing that the Board's motion was untimely. The district court entered an order ruling that the motion for sanctions would be deferred pending the disposition of the appeal. About one month later, Alderman, in his individual capacity, moved for sanctions under Rule 11, and Baker responded.[25] Following this court's opinion, the Board filed a "motion for renewed consideration" of the motion for sanctions, and Baker moved for a hearing on the motions for sanctions, and filed a supplemental response and affidavit to the motions for sanctions. Finding the motions for sanctions timely, the district court granted the Board's and Alderman's motions.

---

[22] The action was filed September 6, 1988; the letter was dated July 20, 1989.

[23] Alderman, in his official capacity, did not advise Baker that he would seek sanctions.

[24] The judgment was entered on June 14, 1991. The Board's motion was filed on July 8, 1991.

[25] Alderman's motion was filed on August 29, 1991.

8

In finding the motions timely, the district court stated:

>  . . (T)he question of serving motions for cost and attorney's fees and sanction on a timely basis is a function of judicial efficiency.  By itself a claim for untimely filing does not dispose of a claim for sanctions in all cases and does not apply to this case.  Defendants entered motion for summary judgment, motioned for sanctions, costs and attorneys fees before entry of final judgment.  Motions were made by the Defendants on a timely basis.[26]

Baker moved for rehearing,  reconsideration, or clarification, and  the district court denied the rehearing motion, by endorsement, on January 26, 1994.[27]  In May 1994, the Board filed a Petition for Assessment of Fees and Costs, stating that the Board's attorney had conferred with Baker's counsel, both by telephone and in writing, in a good faith effort to resolve the issues.[28]  In August 1994, Alderman's attorney filed an affidavit in support of an assessment of  fees on behalf of Alderman "in his capacity as Hillsborough County Property Appraiser."   In response, Baker moved to dismiss the claims for attorney's fees, arguing that the affidavits were untimely.[29]  The district court denied dismissal of the attorney fee claims, noting that

---

[26]  R3-106 at 9.

[27]  Both Dandar and the Board state that the parties were not notified of the entry of this order.  It is not clear when they learned of its entry.

[28]  R3-109 at 1-3.  The monthly statements attached to the petition for assessment showed billings on August 20, 1993, August 21, 1993, August 23, 1993, August 24, 1993, August 25, 1993, September 20, 1993, and September 21, 1993, related to the Board's letters to and conferences with Dandar.

[29]  In the motion, Baker explained that Alderman had filed an affidavit in his official capacity, but had never filed an affidavit in his individual capacity.

9

Baker had presented no support for his argument that "there must be a time limit" on an award of sanctions, and no specific filing time is mandated by 42 U.S.C. § 1988.[30]

At the time of the proceedings, the local rules provided:

> The Court may suspend application and enforcement of these rules, in whole or in part, in the interests of justice in individual cases by written order. When a judge of this Court in some specific case issues any order which is not consistent with these rules, such order shall constitute a suspension of the rules with respect to the case only, and only to the extent that such order is inconsistent with the rules.[31]
>
> * * *
>
> In accordance with Fed.R.Civ.P. 54, all claims for costs or attorney fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than thirty (30) days following the entry of judgment.[32]

The 1983 version of Rule 11 required that a motion for sanctions be filed "separately from other motions or requests."[33] No period is provided for when the motion should be filed.

---

[30] R3-130 at 4.

[31] M.D. Fla. 1.01(c).

[32] M.D. Fla. 4.18(a). Prior to 1993, Rule 54 had no provision prescribing a time limit on claims for attorney's fees. Fed.R.Civ.P. 54(d)(2) advisory committee notes (1993 amendment). After the amendment, Rule 54(d)(2)(B) required that attorney fees' motions be filed within 14 days after entry of judgment, but excepted fees awarded as sanctions. Fed.R.Civ.P.54(d)(2)(E), advisory committee notes (1993 amendment). Therefore, whether or not the 1993 amendments were applied, there was no specific time limit provided for the motion for sanctions under Rule 11.

[33] Fed.R.Civ.P. 11(c)(1)(1983 amendment).

The advisory committee notes state:

> A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so. The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . .[34]

There is no jurisdictional time limit for the filing of a motion for attorney's fees in a civil rights action and, absent a local rule establishing a time limit, a claim for attorney's fees would be untimely "only on a showing of unfair surprise or prejudice."[35] Further, this court has held that requests for attorney's fees collateral to the action may be made by a motion within a reasonable period of time after the final judgment.[36] The reasonableness of the filing period is determined by reviewing the prejudice to the plaintiff.[37] Rule 11 motions are collateral to an action and are not barred if filed after a dismissal order,[38] or after entry of judgment.[39]

---

[34] Fed.R.Civ.P. 11 advisory committee notes (1983 amendment).

[35] Brown v. City of Palmetto, Georgia, 681 F.2d 1325, 1326-1327 (11th Cir. 1982).

[36] Gordon v. Heimann, 715 F.2d 531, 538-539 (11th Cir. 1983) (also noting that fee requests may be made in the initial pleadings, by motion during the litigation, or in a separate subsequent action).

[37] Id. at 537 (finding no prejudice where the plaintiffs were aware of a request for fees in a motion to dismiss).

[38] Metrocorps, Inc. v. Eastern Massachusetts Junior Drum & Bugle Corps Association, 912 F.2d 1, 3 (1st Cir. 1990), quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990).

[39] Community Electric Service of Los Angeles, Inc. v. National Electrical Contractors Association, Inc., 869 F.2d 1235, 1242 (9th Cir.), cert. denied, 493 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989).

Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions "normally will be determined at the end of litigation."[40]

The Board's motion for sanctions was timely filed under the law governing Rule 11 and § 1988. Based on the district court's grant of Alderman's motion, the Middle District of Florida provision for suspension of the rules inconsistent with the order would apply. Further, it appears that Alderman, in his individual capacity, and the Board complied with the Rule 11 dictates of giving notice "promptly upon discovering a basis for doing so" by advising Baker that they would seek fees within the first year that the action was pending, and by requesting costs in their answers to the first amended complaint. Therefore, it does not appear that Baker or Dandar suffered any prejudice as a result of any untimeliness of Alderman's motion in his individual capacity.

Because Baker and Dandar knew that fees had been awarded, they were unable to show unfair surprise or prejudice from the delayed filing of the affidavits in support of the assessment of fees. Further, if any prejudice had resulted from the delayed filing, some of the delay in the submission of the affidavits in support of the amount of fees may be attributed to the district court's failure to serve the parties with the denial of the motion for rehearing.

### Frivolous claims

Baker and Dandar maintain that sanctions were not warranted because the action was based on a good faith belief that there was at least a plausible cause of action for violation of due process and equal protection, and counsel had made a reasonable inquiry into the facts and law.

---

[40] Donaldson, 819 F.2d 1551, 1555 (11th Cir. 1987).

In filing a pleading in a federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and "is not presented for any improper purpose."[41] The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted.[42] This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.[43] Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.[44] Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak[45] but appears sufficient, after a reasonable inquiry, to support

---

[41] Fed.R.Civ.P. 11(b); Donaldson, 819 F.2d at 1555; Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir.), reh'g denied, 99 F.3d 1157 (1996) (emphasizing the need for prefiling inquiry).

[42] Aetna Insurance Company v. Meeker, 953 F.2d 1328, 1331 (11th Cir. 1992), citing United States v. Milam, 855 F.2d 739, 743 (11th Cir. 1988), quoting Donaldson, 819 F.2d at 1556, quoting Fed.R.Civ.P. 11 advisory committee notes (1983 amendment).

[43] Worldwide Primates, Inc., 87 F.3d at 1254., quoting Jones v. International Riding Helmets, Ltd., 49 F.3d 692, 694 (11th Cir. 1995).

[44] Didie v. Howes, 988 F.2d 1097, 1103 (11th Cir. 1993), quoting Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir.), cert. denied, 502 U.S. 855, 112 S.Ct. 167, 16 L.Ed.2d 131 (1991); Thomas v. Capital Security Services, Inc., 836 F.2d 866, 874 n. 9 (5th Cir. 1988) (emphasizing counsel's continuing obligation to take necessary actions to ensure that the proceedings do not continue without a reasonable basis in law and fact).

[45] Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990) (also stating that sanctions are not warranted if the claim was brought as a result of "poor judgment"); but see Nesmith v. Martin

13

a claim under existing law.[46]  Sanctions may be appropriate when the plain language of an applicable statute[47] and the case law preclude relief.[48]  However, the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression.[49]  The grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions.[50]

Under 42 U.S.C.§ 1988, a prevailing defendant is entitled to recover attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[51]

The district court analyzed the case under the correct legal standards. As to the award under § 1988, the district court found that Baker failed to establish a

Marietta Aerospace, 833 F.2d 1489, 1491 (11th Cir. 1987) (indicating that, although the plaintiff's claim may have been characterized as without foundation, the court would reverse if the award were based on Rule 11 only because there was no evidence that the plaintiff, who was proceeding pro se, brought the action in bad faith or "for any purpose other than to receive what he thought he was entitled to under the law.")

[46]  Threaf Properties, Ltd. v. Title Insurance Company of Minnesota, 875 F.2d 831, 835-836 (11th Cir. 1989).

[47]  United States v. Milam, 855 F.2d 739, 744-745 (11th Cir. 1988); but see Norton Tire Co., Inc. v. Tire Kingdom Co., Inc., 858 F.2d 1533, 1536 (11th Cir. 1988) (although binding precedent plainly foreclosed claim, this court affirmed the district court's denial of Rule 11 sanctions noting that the district judge, "by virtue of his close contact with the parties is best able to determine the propriety of sanctions."

[48]  Fox v. Acadia State Bank, 937 F.2d 1566, 1571 (11th Cir. 1991).

[49]  Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida, 827 F.2d 1454, 1458 (11th Cir. 1987)(affirming the denial of sanctions where the issues were fairly debatable and not easily resolved, and there was no clear binding precedent).

[50]  O'Neal v. DeKalb County, Georgia, 850 F.2d 653, 658 (11th Cir. 1988) (although the action may not merit relief, the causes of action may be plausible).

[51]  Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

prima facie case, the defendant did not offer to settle, the district court granted summary judgment, and Baker "could have attacked the constitutionality of Florida Statutes 99.012(7) at the time" of the state court action.[52]  As to the award under Rule 11, the district court found that "after a reasonable inquiry Plaintiff should have believed that the pleadings he filed were not well-grounded in facts and law."[53]  It noted that, after Baker was made aware that he had acknowledged that he had read Fla. Stat. § 99.012, he "should have known ignorance of the law is no excuse," and "would have been well advised to move for voluntary dismissal of the action."[54]  Reviewing the situation under the "warning" standard, it noted that Baker's counsel was provided notice "on several occasions that his case had no legal basis and was frivolous" and concluded that "(a)ny reasonably knowledgeable attorney would know that there is a strong possibility that such response along with a grant of summary judgment in favor of defendant would more than likely trigger a Rule 11 motion."[55]  However, the district court rejected the "warning" standard in favor of the "reasonable inquiry" standard, finding that it was "patently clear that Plaintiff's claim had no chance of success from very early on when the complaint was filed" and that the law was very clear concerning Baker's resignation from his job.[56]

---

[52] No. 94-3291, R3-106 at 6-9.

[53] Id. at 13.

[54] Id. at 13-14.

[55] Id. at 14.

[56] Id. at 16-17.

After reviewing the record, we conclude that the district court did not abuse its discretion in granting the motion for sanctions pursuant to Rule 11 and for attorney's fees under § 1988.

Hearing

Baker and Dandar argue that the imposition of the amount of fees violated due process because the district court failed to conduct a hearing.

Though the district court recognized "that, among other factors, the ability of a sanctioned party to pay may be taken into account in determining the amount of sanctions," it denied Dandar's request, finding that a hearing was not required.[57]

This Court has held that:

> The accused (under Rule 11) must be given an opportunity to respond, orally or in writing as may be appropriate, to the invocation of Rule 11 and to justify his or her actions. Rule 11 does not require that a hearing separate from the trial or other pretrial hearings be held on Rule 11 charges before sanctions can be imposed; indeed the Advisory Committee Note indicates that the contrary is preferable . . . (quotation omitted). Whether and to what extent additional hearing is required will vary depending upon the nature of the case. The Advisory Committee Note indicates some of the matters to be considered: (1) the circumstances in general; (2) the type and severity of the sanction; and (3) the judge's participation in the proceedings, the judge's knowledge of the facts, and whether there is need for further inquiry.[58]

---

[57] No. 94-3291 1SR1-153 at 5-6; Nos. 95-2983 and 95-3055 R1-153 at 5-6.

[58] Donaldson, 819 F.2d at 1560-1561 (noting that "[p]rior opportunities to respond to Rule 11 charges will also influence the extent to which further hearing is necessary").

16

Further, "(d)ue process requires notice and an opportunity to respond if Rule 11 sanctions are imposed."[59]   This court has stated that, although not mandated by Rule 11,  it considers "it prudent for a district judge to hold a hearing before imposing sanctions."[60]

The imposition of sanctions in this case followed this court's affirmance of the district court's grant of summary judgment, was limited to attorney's fees, and was determined by the judge who had handled the underlying action and was  familiar with the proceedings. [61]   Baker and Dandar were given notice of the motions for sanctions and both responded.  There is no requirement that a hearing be conducted before sanctions are awarded.  Therefore, the district court did not abuse its discretion by failing to grant a hearing before imposing sanctions.


Award against Baker

Baker argues that he should not be sanctioned because he relied on the advice of his attorney, Dandar, and never signed any papers filed with the court.

The district court's award against Baker to the Board was based upon both Rule 11 and § 1988, while its award against Baker to Alderman in his individual capacity was based solely upon Rule 11.  In granting the sanctions, the district court found that

---

[59]  Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997).

[60]  Didie v. Howes, 988 F.2d at 1105 n. 8 (noting that, in the absence of a hearing on sanctions, a trial or pretrial hearing would provide a basis to rule on a sanctions motion), citing Donaldson, 819 F.2d at 1560, Threaf Properties, Inc., 875 F.2d at 834, and Milam, 855 F.2d 739 at 471.

[61]  This ruling does not limit the district court's decision to hold a hearing, if it appears needed, on matters in which there is a need for further inquiry, including ability to pay.

17

. . . it is clear that after a reasonable inquiry Plaintiff should have believed that the pleadings he filed were not well-grounded in facts and law. Plaintiff had also read Defendants' response which informed Plaintiff that he had sworn to the "Resign to Run" Law, Florida Statutes § 99.012 which discharged him from his employment at the Hillsborough Property Appraiser's Office by "Operation of Law." The Second District Court of Appeals ruled on this. The Florida Supreme Court denied hearing and so did this court in its order granting summary judgment to Defendants. Plaintiff should have known that ignorance of the law is no excuse. . . . Counsel for Plaintiff would have been well advised to move for voluntary dismissal of the action pursuant to Fed.R.Civ.P. 41.[62]

Following the district court's order, Baker submitted an affidavit stating that, "relying upon the advice of counsel," he "understood that this action was the only means for me to obtain justice," and explaining that he was not a college graduate and was not trained in the law.[63] The district court did not address Baker's argument that he had relied upon the advice of counsel in its subsequent order.

This case involves the 1983 version of Rule 11. At the time of the district court's order, Rule 11 provided for the imposition of sanctions "upon the party who signed it, a represented party, or both . . . "[64] This court has rejected the argument that the district court "lacked the authority to sanction a plaintiff because he

---

[62] No. 94-3291 R3-106 at 13-14.

[63] No. 94-3291 R4-117 at 2-3. Also see 94-3291 1SR1-151 at 2, ¶ 5, in which Baker stated "At all times I have relied upon the advice of my counsel, Ken Dandar."

[64] Fed.R.Civ.P. 11 (1983)(amended 1993); also see Kirk Capital Corporation v. Bailey, 16 F.3d 1485, 1487 (8th Cir. 1994).

18

neither is an attorney nor signed any pleadings."[65] The imposition of Rule 11 sanctions against the plaintiff was permitted under the 1983 version of Rule 11 where, although the plaintiff neither personally drafted or signed the complaint, the complaint was frivolous or had no basis in law or fact.[66] However, a district court abuses its discretion by imposing sanctions on a plaintiff and his attorney absent findings that the plaintiff and his attorney violated Rule 11.[67]

Attorney's fees under § 1988 are assessed against losing parties, and not against counsel.[68] In deciding whether to assess attorney's fees against a Title VII plaintiff, a court should not consider the plaintiff's counsel's role in filing or maintenance of a frivolous, groundless, or unreasonable claim, or the plaintiff's apparent lack of personal fault.[69]

The district court's findings that the complaint was "not well-grounded in facts or law" support a Rule 11 sanction against Baker. Further, the district court properly awarded attorney's fees under § 1988 against Baker. Despite Baker's lack

---

[65] Souran v. Travelers Insurance Company, 982 F.2d 1497, 1508 n. 14 (11th Cir. 1993).

[66] McGregor v. Board of Commissioners of Palm Beach County, 956 F.2d 1017, 1022 (11th Cir. 1992).

[67] Souran, 982 F.2d at 1506-1510 (11th Cir. 1993) (although the court rejected Souran's argument, it nonetheless found that sanctions were not proper because "no pleading was signed in violation of Rule 11." Id. at 1508 n. 14). Also see Kirk Capital Corporation, 16 F.3d at 1491-1492 (reversing the imposition of Rule 11 sanctions against the plaintiff client where the plaintiff "did not sign the Complaint and there is no factual basis for concluding he did anything that would warrant any Rule 11 sanction.") Id.. at 1492.

[68] Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 915 (11th Cir. 1982), citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 761 n. 9, 100 S.Ct. 2455, 2461 n. 9, 65 L.Ed.2d 488 (1980).

[69] Durrett, 678 F.2d at 916.

19

of subjective bad faith, the action was frivolous and without foundation. Therefore, the imposition of sanctions against Baker is affirmed.

## Rule 11 Sanctions as to Alderman in his Official Capacity

Dandar argues that the district court erred in imposing Rule 11 sanctions against him and Baker for Alderman in his official capacity because Alderman's motion for sanctions was only filed in his individual capacity.

Alderman advised Dandar and Baker in a March 1990, letter and in the August 1991, motion that he would, individually, seek sanctions against them. However, the district court awarded sanctions to Alderman in his individual and official capacity. Baker's motion for rehearing and for clarification of the district court's order, based on the lack of a motion by Alderman in his official capacity, was denied.

An attorney or party should be given early notice by the party seeking sanctions, the court, or the party and the court that his or her conduct may warrant Rule 11 sanctions.[70] Although the notice need not be in writing and with the formality of pleadings, the notice given, or evidence of the giving of notice, must be a part of the record.[71]

Here, Baker and Dandar received no notice that sanctions would be imposed against them by Alderman in his official capacity. Therefore, the award of sanctions as to Alderman in his official capacity is reversed.

## IV. THE AMOUNT OF FEES

---

[70] Donaldson, 819 F.2d at 1560.

[71] Id.

Dandar argues that, in awarding the amount of fees, the district court failed to consider their ability to pay the award.[72]

In response to the petitions for attorney's fees, Dandar submitted an affidavit addressing his financial ability to pay fees. Dandar's affidavit explained that he was in practice with his younger brother, and had paid an experienced civil rights attorney "out of [his] own pocket" to assist with the research and litigation.[73] He said that he was "personally unable to pay any additional sanctions in this matter," as his "personal financial situation would render [him] unable to pay a judgment even in the amount of $10,000-$15,000 without having to resort to borrowing the money," and he had "no collateral that [he] solely own[ed] which [he] could use to secure a loan."[74] He explained that his liability insurance carrier had denied coverage based on a policy exclusion. He argued that the intent of Rule 11 had been met by the consequences he had suffered as a result of the district court's published opinion granting sanctions, and his personal expenditure of $18,531.54 in costs. He stated that the judgment had been "the greatest embarrassment to [him] personally and professionally" and that he had also been affected physically.[75] In requesting a stay of the judgment pending appeal, Dandar stated that a judgment "most assuredly will result in bankruptcy action by the Plaintiff and [Dandar], which is not the intended result of Rule 11."[76]

---

[72] Although Baker also raises this issue, it will not be addressed as the fees imposed against him are reversed.

[73] R4-116 at 1-2, ¶¶ 2-3.

[74] Id. at 3-4, ¶¶ 10-11, 14.

[75] Id. at 3, ¶ 12.

[76] No. 94-3291 1SR1-149 at 2, ¶ 1; Nos. 95-2983 and 95-3055 R1-149 at 2, ¶ 1.

The district court's order awarding the requested fees makes no mention of Dandar's affidavit as to his financial status. Although Dandar moved to stay entry of judgment pending appeal, arguing that the district court had failed to conduct a hearing or provide an opportunity for the submission of financial information to assist the court in the determination of ability to pay, the district court denied the motion. The district court found that a hearing was not required, and that a stay without a bond was precluded by the "fact that a party may be unable to pay a judgment, as in the present case. . . ."[77] Although it appears that the district court recognized that Baker and Dandar lacked the ability to pay, it made no specific findings as to this issue, and it was not considered in the determination of the amount of sanctions.

The law in this circuit is clear that ability to pay should be considered in the award of attorney's fees under § 1988.[78]

This court has never required the district court's consideration of the losing party's financial status in the determination of a Rule 11 sanctions award. It has, however, held that sanctioning a represented party should only be done with sensitivity to the facts of the facts of the case and to the party's financial situation.[79] After a court has decided to impose Rule 11 sanctions, the court should explain why

---

[77] No. 94-3291 1SR1-153 at 5-7; Nos. 95-2983 and 95-3055 R1-153 at 5-7.

[78] Nesmith, 833 F.2d at 1491 ("the amount of attorney's fees was properly modified by the district court in consideration of plaintiff's ability to pay. See Durrett, 678 F.2d 911, 917 (11th Cir. 1982)." In Durrett, this court stated that "(a)lthough the losing party's ability to pay is not among the Johnson factors, we do not believe that Johnson and Jones bar consideration of the plaintiff's limited ability to pay as one factor in calculating an attorney's award to a prevailing Title VII defendant. Id. at 916.

[79] Milam, 855 F.2d at 742-743 ("as appellate review of Rule 11 sanction orders become more common, the issue of whether a particular sanction is appropriate will develop parts and sub-parts," including whether the particular sanction imposed was excessive.").

22

the amount of sanctions that it awards will deter unreasonable conduct by the parties. In determining the amount of sanctions to impose, a district court may take into account compensation of other parties and punishment of the offender, but deterrence remains the touchstone of the Rule 11 inquiry.[80] The conduct and resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed.[81] The district court should also inquire as to the extent to which the nonviolating party's expenses could have been avoided, or mitigated, and reduce or increase the award accordingly.[82]

Other circuits require consideration of ability to pay before imposing a monetary sanctions award. The Third Circuit directs the district courts to consider the "particularly relevant equitable factor" of ability to pay as a mitigating factor in the calculation of a monetary sanction.[83] The Fifth Circuit, affirming the imposition of Rule 11 sanctions against a pro se litigant, reduced the awarded amount as excessive based on the plaintiff's annual earnings.[84] The Sixth Circuit considered the

---

[80] Fox, 937 F.2d. at 1571; Advisory Committee Note to Rule 11.

[81] Thomas, 836 F.2d at 880.

[82] Id. at 878.

[83] Doering v. Union County Board of Chosen Freeholders, 857 F.2d 191, 195-196 (3rd Cir. 1988) (affirming the imposition of sanctions, but vacating the amount of monetary sanctions imposed and remanded for further evidence. The court noted that the plaintiff's attorney was a sole practitioner who had requested mitigation of sanctions in the district court and stated at oral argument that he had limited financial resources, but that the record was devoid of any evidence relevant to such an inquiry). Id. at 196. Also see Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1094 n. 12 (3rd Cir. 1988)("Ability to pay is an appropriate consideration" when determining the level of a sanction).

[84] Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989), cert. denied, 498 U.S. 821, 111 S.Ct. 70, 112 L.Ed.2d 44 (1990) (finding the award of $20,000 excessive, where the plaintiff earned between $22,200-28,657 per year, and remanding with directions to reduce the award to $1,800).

imposition of $15,671.14 in sanctions against the plaintiff and the plaintiff's attorney despite the defendants' submission of a request for $109,305.90 in attorney's fees and $5,671.14 in costs.[85]  Affirming the district court's award, the Sixth Circuit held that a party's financial status is relevant to a sanctions procedure "in order to protect a party from punitive awards in favor of the deterrent purposes of Rule 11.[86]  The Sixth Circuit based its analysis on an earlier decision in which it had held that "a district court is required to make an inquiry into an attorney's ability to pay sanctions in order to prevent Rule 11 from being used 'as a vehicle to drive an attorney out of practice.'"[87] In Jackson, it noted that it is not an abuse of discretion for a district court to award "a fraction of the actual and reasonable fees requested" sufficient to deter future violations.[88]   The Seventh Circuit has held that the sanctioned party's or attorney's assets are an equitable consideration relevant to the fashioning of an award.[89]  The Ninth Circuit views ability to pay as a "factor relevant in determining reasonableness"

---

85  Runfola & Associates, Inc. v. Spectrum Reporting II, Inc., 88 F.3d 368, 375 (6th Cir. 1996).

86  Id.

87  Jackson v. Law Firm of O'Hara, Rubera, Osborne and Taylor, 875 F.2d 1224, 1230 (6th Cir. 1989).

88  Id.

89  Brown v. Federation of State Medical Boards of the United States, 830 F.2d 1429, 1439 (7th Cir. 1987) ("Although equitable consideration are not relevant to the initial decision to impose sanctions . . . they may be an ingredient in the discretionary aspect of Rule 11-fashioning an award."); also see Munson v. Friske, 754 F.2d 683, 697 (7th Cir. 1985) (Fee awards are equitable matters permitting the court "to consider the relative wealth of the parties.")

in the assessment of a sanctions award.[90] The Tenth Circuit requires ability to pay as one of four factors a district court should consider in imposing Rule 11 sanctions reasoning that, because Rule 11 sanctions are analogous to punitive damages, the financial condition of the offender is an appropriate consideration.[91] The Fourth Circuit adopted the Tenth Circuit's criteria, holding that "a monetary sanction imposed without any consideration to pay would constitute an abuse of discretion. A court should refrain from imposing a monetary award so great that it will bankrupt the offending parties or force them from the future practice of law."[92]

We adopt the rulings of our sister circuits and therefore hold that a district court must consider financial ability in the award of sanctions. Because the district court failed to do so in this case, the award of the amount of sanctions is vacated, and the matter is remanded for further proceedings. On remand, the district court should permit supplementation of the record with financial affidavits sufficient to permit consideration of financial ability.

---

[90] Matter of Yagman, 796 F.2d 1165, 1185 (9th Cir.), amended on other grounds on reh'g denial, 803 F.2d 1085 (1986), mandamus granted on other grounds sub. nom Brown v. Baden, 815 F.2d 575, cert. denied, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987).

[91] White v. General Motors Corp., Inc., 908 F.2d 675, 684-685 (10th Cir. 1990), cert. denied, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991)(the other factors include (1) the reasonable of the opposing attorney's fees; (2) the minimum to deter; and (3) factors relevant to the severity of the Rule 11 violation). In White, the plaintiffs submitted financial affidavits stating that they would be forced to file bankruptcy is the court imposed the requested fees. Id. Although the Tenth Circuit sympathized that these statements were "general and unhelpful," it remanded to permit the plaintiffs to supplement the record, holding that if the plaintiffs remained uncooperative the court could ignore ability to pay in levying sanctions. Id.

[92] In re Kunstler, 914 F.2d 505, 524 (4th Cir. 1990), cert. denied sub. nom Kunstler v. Britt, 499 U.S. 969, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991).

## V. CONCLUSION

For the reasons stated above, the district court's award of sanctions as to Alderman, in his official capacity, is REVERSED and VACATED. The district court's award of attorney's fees as sanctions against Baker and Dandar is AFFIRMED. However, the district court's award of the amount of sanctions is REVERSED, and the matter is REMANDED for further proceedings consistent with this opinion.[93]

---

[93] A separate application and affidavit were filed by Alderman, individually, in support of his claim for attorney's fees and costs. The district court's award of the amount fees as to Alderman will be limited to this application and affidavit.