DAVIS, Judge.
Marion S. Lewis appeals the final summary judgment entered in favor of the City of Tampa by which the trial court concluded that by his qualifying as a candidate to run for mayor of Tampa, he automatically had resigned his position as a captain in the City of Tampa Police Department. We reverse.
In January 2007, Lewis qualified to run for the position of mayor of Tampa. He did not resign from his position with the Tampa Police Department to run for may- or, arguing that such a resignation was not required by section 99.012(5), Florida Statutes (2006). In response to his refusal to resign, the City of Tampa filed a complaint, seeking a declaratory judgment that would determine (1) that the statute did apply to Lewis and (2) that by his filing his Oath of Candidate form, he had by operation of law submitted his resignation from the police department.[1] In his answer to the complaint, Lewis denied that the law required him to resign, alleged that he did not resign, and suggested that if he failed to be elected, he intended to return to his employment with the Tampa Police Department.
Both parties filed motions for summary judgment. The trial court denied the City’s motion but granted Lewis’s, finding that he was not required to resign in order to qualify as a candidate for mayor.[2] The City appealed that final judgment, and this court reversed, finding that section 99.012 *145 did require Lewis to resign from the Tampa Police Department in order to run for mayor. City of Tampa v. Lewis, 993 So.2d 1096, 1099 (Fla. 2d DCA 2008). In that opinion, this court acknowledged that it was not addressing the issue of whether the filing of the Oath of Candidate form was tantamount to submitting a resignation. Id. at 1098 n. 4.
On remand, the trial court entered a partial summary judgment in favor of the City, finding that Lewis was required to resign. After allowing Lewis to file an amended answer and counterpetition alleging improper discharge from his employment, the trial court denied Lewis’s motion for summary judgment on that counterpet-ition and entered final summary judgment in the City’s favor. Citing Baker v. Aiderman, 766 F.Supp. 1112 (M.D.Fla.1991), the trial court concluded that Lewis effected his resignation by filing his Oath of Candidate form. This was error.
In Baker, the United States District Court for the Middle District of Florida addressed the issue of whether Baker resigned his position as a property evaluator with the Hillsborough County Property Appraiser by swearing an Oath of Candidate form in conjunction with running for the office of Hillsborough County Property Appraiser in 1984. Id. at 1114. The district court concluded as follows:
The resign-to-run requirement in section 99.012(7) of the Florida Statutes is enforced by section 99.021[,] which provides that “[ejach candidate ... for nomination or election to any office other than a judicial office as defined in chapter 105, shall take and subscribe to an oath or affirmation in writing.” Plaintiff swore, under the Oath of Candidate, “that he has resigned from any office from which he is required to resign pursuant to Section 99.012, Florida Statutes.” Hence, when Plaintiff signed the Oath of Candidate, he made a sworn affirmation of resignation. This Court finds that Plaintiff resigned hy operation of law, pursuant to section 99.012(7) of the Florida Statutes.
766 F.Supp. at 1115 (alteration in original) (emphasis added).
However, subsequent to the version of the statute interpreted by Baker, 766 F.Supp. 1112, the Florida Legislature amended section 99.012 in 1991 by adding subsection (6),[3] which reads, “The name of any person who does not comply with this section may be removed from every ballot on which it appears when ordered by a circuit court upon the petition of an elector or the Department of State.” § 99.012(6), Fla. Stat. (1992). This amendment indicates that the legislature intended to enforce the resign-to-run law by removing a candidate’s name from the ballot rather than automatically dismissing him or her from his or her employment.
To conclude that the “operation of law” principle set forth in Baker controls here would render the 1991 amendment to section 99.012 meaningless. The statutory opportunity to seek the removal of a name from the ballot would be useless if every qualifying candidate was deemed to have automatically resigned. “This court will not interpret statutes so as to render portions of them meaningless when a reading that gives meaning to all portions is possible.” Stratton v. Sarasota County, 983 So.2d 51, 55 (Fla. 2d DCA 2008). We therefore conclude that the 1991 amendment nullifies Baker’s conclusion that the *146 swearing of the Oath of Candidate acts as a resignation' by “operation of law.”
The City argues that the meaning of the 1991 amendment is that if a candidate fails to meet the other statutory requirements to qualify for office, as described in the Oath of Candidate, an elector may seek the removal of the candidate from the ballot. The City maintains that this interpretation would recognize Baker while still affording meaning to the 1991 amendment. We reject this argument. The language of the 1991 amendment specifically refers to the “person who does not comply with this section.” § 99.012(6) (emphasis added). “[T]his section” only involves the requirement of resigning to run. It does not implicate the other requirements suggested by the City, such as voter registration or residence within the district.
Alternatively, the City argues that the impact of the amendment was nullified by a 2007 amendment to section 99.012 which provided that such a resignation must be effective on the date of qualifying rather than on the date the new term of office would begin. See § 99.012(4), Fla. Stat. (2008). We also reject this argument. The starting date on which one must resign does not indicate whether the act of qualifying is an automatic resignation and would not negate the application of then section 99.012(6) to Lewis.
Based on our reading of section 99.012, we conclude that the trial court erred in entering the final judgment that determined Lewis automatically resigned from his employment by filing his Oath of Candidate form. We therefore reverse the final judgment and remand with instructions that the trial court enter a final judgment on the City’s complaint consistent with this opinion and consider the remaining allegations of Lewis’s counter-petition.
Reversed and remanded for further proceedings.
ALTENBERND and MORRIS, JJ., Concur.

. The Oath of Candidate form that is required by law includes a statement that the individual "has resigned from any office from which he or she is required to resign pursuant to s. 99.012, Florida Statutes.” § 99.021(1)(a).

. By finding that Lewis was not required to resign, the trial court did not further consider whether the filing of the Oath of Candidate form was, by operation of law, the submission of his resignation.

. Section 99.012(6) since has been renumbered as section 99.012(5). See § 99.012(5), Fla. Stat. (2009).