[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15652
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cv-00056-WCO


iPARAMETRICS, LLC,

Plaintiff-Counter Defendant,

versus

RICHARD M. HOWE,

Respondent,

DANA MEIER,
M3 COST MANAGEMENT SERVICES, INC.,
JON MEIER,

Defendants-Counter Claimants-Appellees,

SCOTT M. STEVENS,

Respondent-Appellant.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 27, 2013)

Before HULL, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Scott M. Stevens, an attorney, appeals pro se the formal reprimand that he received for misrepresenting to the district court and a Georgia court that Jon Meier was indebted to iParametrics, LLC.  The district court sua sponte sanctioned Stevens for violating Federal Rule of Civil Procedure 11.  See Fed. R. Civ. P. 11(c)(3).  We affirm.

iParametrics sued Jon Meier, his wife, Dana Meier, and their company, M3 Cost Management Services, Inc.  Later, an arbitrator awarded iParametrics a judgment of $501,711 against Dana Meier and M3, but found Jon Meier not liable. The district court confirmed the arbitration award and entered judgment against Dana Meier and M3.

Stevens sought to enforce the judgment against Jon Meier.  iParametrics retained Stevens to collect the judgment, and Stevens applied for a writ of execution against Jon Meier, Dana Meier, and M3.  The Clerk of the district court granted Stevens's application, and the Clerk issued a writ of execution.  Stevens later recorded the writ of execution in the Superior Court of Forsyth County, Georgia.  Another attorney in Stevens's law firm mailed collection letters to Jon Meier and later mailed post-judgment interrogatories to him too.  Jon Meier failed

2

to respond, and Stevens then moved the district court to compel Meier to respond to the discovery request.

After the district court performed a "cursory review of the motion and record" and discovered that judgment had not been entered against Jon Meier, the district court denied Stevens's motion to compel and instructed Stevens and the other attorney in his firm to show cause why they should not be sanctioned under Federal Rule of Civil Procedure 11.  With respect to Stevens, the district court identified three actions that it considered sanctionable: (1) falsely representing that a judgment had been entered against Jon Meier in the application for a writ of execution; (2) applying for a writ of execution against Meier when he did not have a judgment against him; and (3) falsely representing that a judgment had been entered against Meier in the motion to compel discovery.  Stevens then moved the district court to "correct the Writ of Execution . . . by removing the name of Jon Meir [sic] which was inadvert[e]ntly included on said Writ of Execution," and Stevens withdrew his motion to compel.

In response to the order to show cause, Stevens admitted that the writ should not have been filed against Jon Meier, but attributed the mistakes to a "clerical error" committed by a paralegal.  Stevens stated that the paralegal had filed the application for a writ of execution using Stevens's electronic signature, and that he had relied on the application to prepare his motion to compel.  Stevens argued that

3

the clerical error did not come to his attention until the district court had issued its order to show cause.

During a hearing on the order to show cause, Stevens acknowledged that he was counsel of record and responsible for the content of his filings. Stevens argued that his conduct was unintentional and that sanctions were unnecessary to deter future similar conduct. Following the hearing, Stevens submitted to the district court a copy of an affidavit that he recently had filed requesting that the Superior Court of Forsyth County cancel the writ of execution against Jon Meier.

The district court entered an order that formally reprimanded Stevens for failing to comply with Rule 11 and that withdrew and dissolved the writ of execution against Jon Meier. The district court found that the writ of execution was objectively frivolous because iParametrics had not obtained a judgment against Meier, and that Stevens had failed to reasonably inquire into Meier's liability before applying for the writ of execution or filing the motion to compel. The district court determined that Stevens had "acted with 'deliberate indifference'" by disregarding the "significant impact" the writ could have had on Meier; failing to detect the error when it "could have been discovered . . . [with] ease"; and neglecting his duty to "ensure that [the writ of execution] was factually and legally [accurate]." And the district court found "troubling" Stevens's "lack of the appreciation for the certification requirements of Rule 11" and "even more

4

troubling . . . that this [was] not an isolated incident" because "Stevens apparently failed to satisfy his Rule 11 obligations . . . when  he subsequently engaged in debt collection efforts against Jon Meier and submitted a motion  . . . to find him in contempt."  The district court determined that a reprimand was "sufficient to deter future instances of [similar] conduct and encourage Stevens to take his Rule 11 obligations more seriously."

We review the imposition of sanctions under Rule 11 for an abuse of discretion.  Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003).  A district court abuses its discretion by imposing sanctions only if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990).

The district court did not abuse its discretion when it sanctioned Stevens. When an attorney signs and "present[s]" pleadings to the district court, he certifies that he has conducted a reasonable inquiry, his claims "are warranted by existing law," and his "factual contentions have evidentiary support."  Fed. R. Civ. P. 11(a), (b).  Stevens violated Rule 11 by filing pleadings that were factually and legally inaccurate.  Because no judgment had been entered against Jon Meier, Stevens's application for a writ of execution and motion to compel discovery from Meier were "objectively frivolous," and Stevens "should have been aware that [his

5

filings] were frivolous." See Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

The district court was entitled to find that Stevens's conduct was "akin to contempt." See Kaplan, 331 F.3d at 1256. Stevens could readily have discovered and corrected his pleadings, but instead his misrepresentations went undetected for over a year. After the district court issued its order, Stevens waited more than a month to remedy the misrepresentations made to the district court, and he delayed even longer before cancelling the writ against Jon Meier in the state court.

The district court complied with all the procedural requirements of Rule 11 before sanctioning Stevens. See Fed. R. Civ. P. 11(c)(1), (c)(3). The district court notified Stevens that he had violated Rule 11, and the district court held a hearing at which Stevens could respond before imposing a sanction. The district court did not abuse its discretion by formally reprimanding Stevens based on the potential seriousness of his misrepresentation, the extent of his negligence, and his delays in undertaking corrective measures.

We **AFFIRM** the formal reprimand of Stevens.