METROCORPS, INC., et al., Plaintiffs, Appellees,

v.

The EASTERN MASSACHUSETTS JUNIOR DRUM & BUGLE CORPS ASSOCIATION, et al., Defendants, Appellants.

No. 90–1074.

United States Court of Appeals, First Circuit.

Heard Aug. 2, 1990.

Decided Aug. 24, 1990.

Bruce R. Fox, for defendants, appellants.

Joseph W. Casey, for plaintiffs, appellees.

Before TORRUELLA and CYR, Circuit Judges, and BOWNES, Senior Circuit Judge.

BOWNES, Senior Circuit Judge.

The district court dismissed plaintiffs' action for failure to comply with discovery orders. It refused to award defendants attorney's fees and costs under Fed.R. Civ.P. 37 and denied a motion asking it to consider such an award under Fed.R.Civ.P. 11 and 42 U.S.C. § 1988. Defendants have appealed claiming that they are entitled to costs and attorney's fees. Plaintiffs have not appealed.

THE PATH TO DISMISSAL

Plaintiffs filed a forty-one page complaint on March 25, 1988, containing 226 paragraphs. Attached to the complaint was an eighteen-page addendum. Jurisdiction was invoked under 42 U.S.C. § 1985(3): alleged violations of sections one and two of the thirteenth amendment[1] and the right of association under the first amendment. Because of the appellate posture of the case it is not necessary to describe the claims in detail.

The complaint was accompanied by a motion for an *ex parte* temporary restraining order which was denied on the same day it was filed, March 25, 1988. Another application for a T.R.O. "with or without a

---

1. The thirteenth amendment provides:

Sec. 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly con- victed, shall exist within the United States, or any place subject to their jurisdiction.

Sec. 2. Congress shall have power to enforce this article by appropriate legislation.

hearing" was filed on January 13, 1989. It, too, was denied on the same day it was filed. Between January 26 and August 23, 1989, there was a series of motions by the defendants asking for orders compelling discovery and sanctions pursuant to Fed.R. Civ.P. 37. Orders were issued granting the discovery sought either in full or in part, but the court denied all requests for sanctions.

On April 20, 1989, in response to a Rule 37 motion requesting sanctions and a hearing on the "issue of costs and attorney's fees," the court dismissed the case as to defendant Dan Viera. It denied a further motion for a hearing on costs and attorney's fees, stating: "The motion is denied insofar as it seeks sanctions beyond the dismissal earlier ordered." Defendants, undeterred, brought yet another motion relative to the Viera dismissal asking for costs and attorney's fees in the amount of $1,973.44 under Fed.R.Civ.P. 37(a)(4) and 37(d) and 42 U.S.C. § 1988. The court responded by stating: "Determination of this motion will await the conclusion of the entire case."

The final order of the court was issued on November 21, 1989 in response to defendants' motion for sanctions pursuant to Rule 37(d). The order stated: "Upon a review of the entire file, it appears that the plaintiffs' counsel has neither complied with the court's discovery orders nor timely sought modifications thereof, and further that the late excuses are lame at best, this case is dismissed as an appropriate sanction. No sanctions." The court denied a subsequent motion of the defendants to reconsider its dismissal order, asking that they be allowed to present evidence relative to claims for costs and attorney's fees under Fed.R.Civ.P. 11 and 42 U.S.C. § 1988.

### THE RULE 37 CLAIM

■ The first paragraph of Fed.R.Civ.P. 37(b)(2) states in pertinent part that if a party fails to obey a discovery order, "the court in which the action is pending may make such orders in regard to the failure as are just." Subparagraphs (A), (B), (C), (D) and (E) then set forth examples of orders that may be used in particular circumstances. Part (b)(2) of Rule 37 concludes with this mandate:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Similar language is used in parts (a)(4) and (d) of the rule. The notes of Advisory Committee on Rules have this comment.

**Subdivision (b)(2)** is amplified to provide for payment of reasonable expenses caused by the failure to obey the order ... The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust. Allocating the burden in this way conforms to the changed provisions as to expenses in Rule 37(a), and is particularly appropriate when a court order is disobeyed.

The clear language of the Rule imposes a duty on the district court that was not met in this case. It made no findings "that the failure [to obey its orders] was substantially justified or that other circumstances make an award of expenses unjust." Because this was in direct contravention of the requirements of the rule, there must be a remand.

### THE CLAIMS UNDER RULE 11 AND 42 U.S.C. § 1988

It has now been established conclusively that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). *See also Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 757–58 (1st Cir.1988); *United States v. Klimavicius*, 847 F.2d 28, 31–32 (1st Cir.1988).

The same standard applies to a claim under 42 U.S.C. § 1988: the pertinent pro-

vision of the statute states: "In any action or proceeding to enforce a provision of section[ ] ... 1985 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.

. One of our holdings in the recent case of *Morgan v. Massachusetts General Hospital*, 901 F.2d 186 (1st Cir.1990), is directly applicable to the district court's denial without reasons of the motion for a hearing on the Rule 11 and section 1988 claims for costs and attorney's fees:

> Although it is clear that a district court has considerable discretion in imposing sanctions, including the award of attorney's fees, *see Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1446–47 (11th Cir.1985); *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906 (9th Cir.1986); Fed.R.Civ.P. 37(b)(2) and advisory committee's note, it is equally well settled that the decision to do so must both be explained and be supported by the record. *Carlucci*, 775 F.2d at 1453 (district court must state its reasons so that meaningful review for abuse of discretion may be had). If this is the district court's burden when sanctions are imposed, it follows naturally that a similar obligation exists where, as here, sanctions are requested by one party, but denied by the court. It can as easily be an abuse of discretion to deny an award of fees as it can be to award them. Either way, appellate review of such a decision necessitates a statement of reasons.

*Id.* at 195.

 Although the Rule 11 motion was not brought until after the dismissal order, this does not bar consideration of it. The Court has stated:

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collat-

eral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated. *Cooter & Gell v. Hartmarx Corp.*, 110 S.Ct. at 2456. The same reasoning applies to a claim brought under 42 U.S.C. § 1988.

Nor can it be seriously contended that the Rule 11 and section 1988 claims were devoid of merit. Quite the contrary. Although the complaint is well dressed with contractual and constitutional verbiage and adorned with a multitude of factual minutiae, it is form without substance. There must be a remand on these claims as well.[2]

On remand the district court shall comply with the requirements of Fed.R.Civ.P. 37(b)(2) as to all defendants and the requirements of Fed.R.Civ.P. 37(a)(4) and (d) as to defendant Viera. If costs and attorney's fees are not awarded under Rule 37, then the court shall consider and rule on the requests for costs and attorney's fees under Rule 11 and 42 U.S.C. § 1988.

Costs on appeal awarded to appellants.

---

**2.** In fairness to the district court, we point out that its orders were issued prior to the decisions in *Cooter & Gell* and *Morgan*.