James NOTICE, Plaintiff,

v.

Larry DuBOIS, Paul Murphy, Jay Bluestein, Michael Sousa, Brian Amaral, Mike Boucher, Paul Dougherty, Defendants.

No. Civ.A 97–10736–NG.

United States District Court,
D. Massachusetts.

July 6, 1999.

---

**3.** Florida Casino has never argued that the amounts of the judgments were inaccurate.

David A. Hoffman, Hill & Barlow, Boston, MA, for plaintiff.

David J. Rentsch, Rosemary Ford, Department of Correction, Boston, MA, for defendants.

## FINAL ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS (# 48)

COLLINGS, United States Magistrate Judge.

The within Final Order deals with that portion of Plaintiff's Motion to Compel Production of Documents Responsive to Plaintiff's Second Request for Production of Documents (# 48) which seeks an award of reasonable costs, including attorney's fees, pursuant to Rule 37(a)(4), Fed.R.Civ.P. Having prevailed, at least in part, on the motion, the plaintiff seeks $2,886.00 in attorney's fees and $493.96 in costs for a total of $3,379.96.

Rule 37(a)(4)(A), Fed.R.Civ.P., provides, in pertinent part, that the Court *shall* award the party whose motion to compel is granted "... the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that ... the opposing party's nondisclosure, response, or objection was substantially justified ...". Absent the finding that the opposing party's position was "substantially justified," an award is mandatory. *Metrocorps, Inc. v. Eastern Massachusetts Junior Drum & Bu-*

*gle Corps Association,* 912 F.2d 1, 2 (1st Cir.1990).

The standard of "substantially justified"

... has been said to have been satisfied if there is a "genuine dispute," Advisory Committee Notes on 1970 Amendments to Fed.Rule Civ.Proc. 37(a)(4), 28 U.S.C.App., p. 601; see, *e.g., Quaker Chair Corp. v. Litton Business Systems, Inc.,* 71 F.R.D. 527, 535 (S.D.N.Y.1976), or "if reasonable people could differ as to [the appropriateness of the contested action]," *Reygo Pacific Corp. v. Johnston Pump Co.,* 680 F.2d 647, 649 (9th Cir.1982) ...

*Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (other citations omitted). "Substantially justified" does not mean " 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* With this definition of the standard in mind, the Court must review the facts as to the discovery requested by the plaintiff and the response of the defendants.

The lawsuit involves allegations by the plaintiff, James Notice (hereinafter "Notice"), that while he was in the segregation unit at Old Colony Correctional Center on February 26, 1996, a disturbance broke out at breakfast time because some inmates were displeased that no grits were served with the meal. Notice claims that although he did not participate in the disturbance, after the disturbance was over, defendant Boucher opened his cell and defendants Bluestein, Amaral and Dougherty entered it. According to paragraph 10 of the Second Amended Complaint (# 41):

Notice was on his bed, eating his meal. Amaral went into his cell and grabbed Notice by his arms, standing him up. Bluestein grabbed Notice by the neck, and began slapping him. Dougherty stood at the open doorway of the cell. Amaral and Bluestein then pulled Notice by his neck back to the window and desk area of the cell. Bluestein continued striking Notice, and accused him of inciting the riot. Amaral and Bluestein then let go of Notice

and left him in his cell. The attack left red marks on Notice's face and neck.

The claim against defendant Sousa is that he refused to call the nurse in response to Notice's requests for medical care. (# 41, ¶ 11) Defendants DuBois and Murphy are alleged to have known or should have known that the other defendants "... had previously abused other prisoners and had a propensity for such abuse." (# 41, ¶ 14)

■ In Request # 8 of his Second Request for Production of Documents,[1] Notice sought:

> 8. All documents related to, evidencing, describing or containing information about any complaints or grievances made against any of the Department of Corrections employees assigned to the Segregation Unit during the 7:00 A.M. to 3:00 P.M. shift on February 24, 1996.

# 48, Exh. A., p. 4.

The defendants' Response was:

> OBJECTION BY COUNSEL: Counsel objects on the basis that this request is vague, over broad, seeks information not relevant to the subject mater of this case, not reasonably calculated to lead to the discovery of admissible evidence, and is otherwise outside the scope of permissible discovery under Fed.R.Civ.P. 26(b). It also violates the employees rights pursuant to M.G.L. c. 66A, sec. 2 (F.I.P.A.) and their common law rights of privacy and their right to be free from harassment.

> Notwithstanding the above objection, and without waiver thereof, the defendants state that there are no documents relating to complaints or grievances made against defendants Bluestein, Dougherty and Amaral regarding abuse of inmates within the five (5) years preceding February 24, 1996.

# 48, Exh. A., p. 5.

As can be seen, the defendants did respond as to defendants Dougherty, Bluestein and Amaral for a five-year period prior to February 24, 1996. They objected to any documents relating to any incidents more than five years before February 24, 1996 and objected to the records of anyone other than the three who Notice alleged actively participated in the alleged assault. They objected to any records of Boucher, who allegedly opened the cell door, and Sousa, who allegedly refused medical assistance.

Before the filing of the motion to compel, counsel tried to resolve the issue in dispute as mandated by Rule 37(a)(1)(B), Fed.R.Civ. P., and Local Rule 37.1. In some ways, plaintiff narrowed its request and in some ways, broadened it. In a Proposed Order sent to the defendants' counsel on October 22, 1998,[2] the request was narrowed in the sense that only complaints and grievances relating to assault, the use of excessive force and/or unauthorized entry into a prisoner's cell were sought. The request was broadened in that records were sought respecting all defendants, including defendants DuBois and Murphy, to whom the document request was not directed.[3] It was also broadened by including a provision requiring production of "... any summaries of logs of investigations kept and/or maintained by Al Saucier or Inner Perimeter Security." The genesis for adding this clause was that after the second request for production of documents was answered, the plaintiff took the deposition of one Alfred Saucier who verified that there was a recent complaint that Bluestein, Sousa and Amaral entered an inmate's cell and assaulted him. *See* # 48, Exh. C at pp. 45–6.

---

1. The Second Request is Exhibit A to # 48; the *defendants' response is Exhibit B to # 48.*

2. The letter and Proposed Order are reproduced at Exh. A to # 62.

3. DuBois is the Commissioner of Corrections; Murphy was the Superintendent of the Old Colony Correctional Center. Neither would have been included in the group denoted "Department of Corrections employees assigned to the Segregation Unit during the 7:00 A.M. to 3:00 P.M. shift on February 24, 1996" as set forth in the original document request # 8.

Defendants did not agree to the terms of the Proposed Order despite an intervening letter from plaintiff's counsel.[4] The motion to compel was then filed. At oral argument, plaintiff's counsel dropped his request with respect to defendants DuBois and Murphy. After hearing, the Court entered an Order which read, in pertinent part:

The defendants are ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., to, *on or before the close of business on Thursday, May 27, 1999* :

(1) Produce to counsel for the plaintiff copies of all complaints or grievances against defendants Bluestein, Amaral, Dougherty, and/or Boucher related to assault, the use of excessive force and/or unauthorized entry or permitting and/or facilitating unauthorized entry into a prisoner's cell from January 1, 1991 to January 1, 1999 including but not limited to any documents (including any summaries or logs of investigations kept and/or maintained by Al Saucier or Inner Perimeter Security) relating to the investigation of Inner Perimeter Security into allegations that defendants Bluestein, Sousa and Amaral had entered the cell of a prisoner in the Segregation Unit and assaulted the prisoner. The documents may be redacted to the extent that they contain matter which does not fall within the limitations recited, *supra.*

Counsel shall attempt to reach agreement on the terms of a Protective Order which shall govern dissemination of these materials. If agreement cannot be reached, the defendants shall file a motion for a protective order *on or before the close of business on Tuesday, May 11, 1999* ; the plaintiff may respond to the motion specifying the areas of disagreement, *on or before the close of business on Friday, May 21, 1999.*

No protective order was ever sought.

I find that the defendants' opposition to the request, to the extent that the request was not limited by time, was substantially justified. Although I chose to require documents for an eight-year period both before and after the alleged incident does not render the defendants' position unreasonable; in short, it is a question on which reasonable persons could disagree. I find the opposition to providing documents as to DuBois and Murphy to be substantially justified for the simple reason that those documents were not part of the document request. Lastly, I find the opposition to the request for "summaries or logs of investigations kept and/or maintained by Al Saucier of Inner Perimeter Security" to be substantially justified to the extent that the investigations were not limited to logs and summaries of investigations of complaints of assault, the use of excessive force and/or unauthorized entry into a prisoner's cell; rather, as drafted, summaries or logs of *all* inner perimeter security investigations were sought.

What I do not find substantially justified is the refusal to provide any evidence which *might* be admissible pursuant to Rule 404(b), Fed.R.Evid. Defendants consistently confuse admissibility with discoverability. Evidence does not have to be admissible to be discoverable. Rule 26(b)(1), Fed.R.Civ.P. There is a very good reason for this doctrine, especially in the area of evidence possibly admissible pursuant to Rule 404(b), Fed.R.Evid. It may be admissible, *see United States v. Fields,* 871 F.2d 188, 196–97 (1st Cir.1989) or it may not be, *see Lataille v. Ponte,* 754 F.2d 33, 35–38 (1st Cir.1985) depending on whether it fits within Rule 404(b), whether it has a " 'special' relevance to something other than propensity to engage in [wrongdoing]," *Fields,* 871 F.2d at 196, and whether its probative value outweighs its prejudicial effect. How can plaintiff's counsel know whether the evidence would be admissible under these tests until he or she knew what the evidence is? There would be no way of knowing.

4. *See* # 62, Exh. B (letter from defendants' counsel to plaintiff's counsel, 10/26/98): # 62, Exh. C (letter from plaintiff's counsel to defendants' counsel, 11/12/98) and # 62, Exh. D (letter from defendants' counsel to plaintiff's counsel, 11/19/98).

It is my judgment that in a case such as this, when the plaintiff alleges that the defendants engaged in what amounts to a joint venture to commit a criminal act, i.e., assault and battery, the defendants are not substantially justified in refusing to provide discovery of evidence, when requested, of other similar acts by the same individuals over a reasonable span of time both before and after the alleged act.

Thus, although I find that some of defendants' objections were substantially justified, its major justification, i.e., that possible Rule 404(b) evidence was irrelevant, was not.[5] Accordingly, I must award the plaintiff's counsel a proportionate share of their costs and fees.

I find a two-thirds proportion to be appropriate. I find the rates charged by Messrs. Hoffman and Cheng to be reasonable. I shall award Attorneys Hoffman and Cheng two-thirds of their attorney time[6] which comes to $220.00 for Attorney Hoffman and $1704.00 for Attorney Cheng. I shall reduce the Westlaw costs by two-thirds to $284.00. The copying expenses seem high, are challenged by the defendants, and are not mentioned by plaintiff's counsel in the reply brief. I shall reduce the amount to $36.00. The total award is $2244.00.

Accordingly, the pursuant to Rule 37(a)(4), Fed.R.Civ.P., the defendants are ORDERED to pay to counsel for the plaintiff the sum of two thousand two hundred forty-four dollars ($2244.00) *on or before the close of business on Friday, August 6, 1999.*

---

**5.** I also do not find the defendants' reliance on the Fair Information Practices Act, M.G.L.A. c. 66A, § 2 or the defendants' common law right of privacy to be substantially justified. Whatever the applicability of this statute and body of law, the concerns could have been addressed by the entry of a protective order.

**6.** Attorney Hoffman sought $330.00; Attorney Cheng sought $2556.00; plaintiff also sought copying costs of $68.00 and Westlaw charges of $425.96.