[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 6, 2006
THOMAS K. KAHN
CLERK

No. 05-14181
Non-Argument Calendar

_____

D. C. Docket No. 04-02668-CV-WSD-1

LINDA MCKEEVER BULLARD,
ROBERT D. BULLARD,
Plaintiffs, on behalf of themselves
and as representatives of the
class herein defined,

                                                          Plaintiffs-Appellants,

versus

JUDGE DORIS L. DOWNS,
ALICE D. BONNER,
ALFORD J. DEMPSEY, Jr.,
CONSTANCE C. RUSSELL,
Defendants, in their individual
capacities and in their official
capacities, on behalf of themselves
and as representatives of the
class herein defined,

                                                          Defendants-Appellees,

FREDERICK A. JOHNSON,
et al.,

                                                          Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(January 6, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Linda McKeever Bullard and Robert D. Bullard appeal pro se an order awarding attorney's fees in the amount of $4000 as a sanction under Federal Rule of Civil Procedure 11. Because the district court did not abuse its discretion in awarding attorney's fees in that amount, we affirm.

On September 13, 2004, the Bullards filed pro se a suit against several Georgia state court judges. The complaint alleged the judges violated the Bullards' civil rights when adjudicating a civil suit successfully brought by the Bullards against their neighbors for trespass. The judges moved to dismiss based on absolute immunity and to impose sanctions against the Bullards under Rule 11(c). The Bullards acknowledged that "[t]he doctrine of judicial immunity is clear and well-entrenched," but they baldly asserted they made a good-faith argument for the modification of the law. The district court granted the motion to dismiss and ordered the Bullards to pay the defendants' attorney's fees, because the Bullards

2

"knew or should have known at the time of filing the Complaint that there existed no grounds for relief based on their claims."

The defendants submitted affidavits that requested attorney's fees and expenses in the amount of $10,428. In response, the Bullards submitted affidavits that evidenced Mr. Bullard had a monthly income of $6,358.69 and monthly expenses exceeding that amount by approximately $600. Mr. Bullard also provided evidence that his income was only guaranteed during the 9-month academic year, but that he received additional income from speaking engagements. Mr. Bullard disclosed assets including two residences, a checking account and a retirement account with unspecified balances, and a savings account with a $1000 balance. The district court found that the Bullards "have the capacity to pay $4,000 of the fees and expenses incurred by [the defendants]" and concluded that "sanctions in that amount are appropriate."

The Bullards challenge the order imposing sanctions and the amount of attorney's fees awarded by the district court. This Court reviews an award of attorney's fees for abuse of discretion. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Rule 11 requires "an attorney or unrepresented party" who files "a pleading, written motion, or other paper" to certify that the filing is "not being presented for any improper purpose, such as to harass or to cause unnecessary

3

delay or needless increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b). When a court determines that Rule 11(b) has been violated, the court has discretion to "impose an appropriate sanction upon the attorneys, law firms, or parties" and may "award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R. Civ. P. 11(c). In determining the amount of attorney's fees to award to the opposing party as part of Rule 11 sanctions, the district court must consider the ability to pay of the party subject to sanctions. Byrne v. Nezhat, 261 F.3d 1075, 1099 n.53 (11th Cir. 2001) (citing Baker v. Alderman, 158 F.3d 516, 528 (11th Cir. 1998)).

The district court did not abuse its discretion in imposing sanctions against the Bullards. The Bullards concede that their complaint was barred by the "clear and well-entrenched" doctrine of judicial immunity. Mrs. Bullard practiced law for fifteen years and taught law for three years as an assistant law professor, and Mr. Bullard is a well-educated sociologist who has published at least fourteen books in his field. Their complaint was patently frivolous.

The Bullards argue that the district court failed to consider their "inability to pay any amount towards [the defendants'] attorney['s] fees." We disagree. The district court considered Mr. Bullard's affidavit, which described his assets, including several bank accounts and two houses, and the court reasonably found that the Bullards had the ability to pay $4000. The district court did not abuse its discretion.

**AFFIRMED**.