[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13320
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00145-WBH


ROBERT H. BUCKLER,
H. ANTHONY MCCULLAR,

Plaintiffs-Appellees,

versus

ROBERT B. MACGREGOR, III,
DRUID HILLS CIVIC ASSOCIATION, INC.,

Defendants-Appellants,

JEFF RADAR,
individually; and in his official capacity as a
Commissioner for Dekalb County, Georgia, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 15, 2015)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

The Druid Hills Civic Association, Inc. (DHCA) and Robert Bruce MacGregor, III, appeal the district court's denial of their motions for sanctions and attorney's fees in Robert H. Buckler and H. Anthony McCullar's 42 U.S.C. § 1983 action against them. They contend that the district court erred in determining that the plaintiffs' lawsuit was not frivolous or made for an improper purpose.[1]

This case arises out of a local land use dispute. The plaintiffs sought to subdivide and develop property that they owned in DeKalb County, Georgia. The DHCA, MacGregor, and others opposed that effort. After a bitter contest, the subdivision plan was ultimately thwarted. The plaintiffs proceeded to file this lawsuit against numerous county officials and private parties, including the DHCA and MacGregor. In their operative complaint, they asserted a claim against all defendants under § 1983, alleging that county officials and the private parties conspired with one another, acting under the color of state law, to violate the plaintiffs' substantive due process rights. They also asserted state law claims, the substance of which is unimportant for present purposes.

---

[1] The DHCA and MacGregor purport to identify three different issues on appeal. Each is simply a different way of saying the same thing: that the district court erred in determining that the plaintiffs' lawsuit was not frivolous or made for an improper purpose.

Various defendants separately moved to dismiss.  The district court found that the plaintiffs had failed to state a claim for relief under § 1983 because they had failed to allege facts sufficient to show a constitutional violation.  After choosing not to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims, the court dismissed the entire case.  Although the court's dismissal order was critical of the plaintiffs' legal theory and their citation of a vacated case, it explicitly warned that "[the] [d]efendants should not view this commentary as an invitation to file a motion for sanctions."  Either ignoring that warning or concluding that an invitation was unnecessary, the DHCA and MacGregor promptly filed motions for sanctions and attorney's fees pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 11.  The district court denied those motions based on its determination that the plaintiffs' § 1983 claim was not frivolous or made for an improper purpose.

We review the decision whether to impose attorney's fees under § 1988 or sanctions under Rule 11 only for an abuse of discretion.  Baker v. Alderman, 158 F.3d 516, 521 (11th Cir. 1998).  The decision to impose sanctions or fees falls within the district court's discretion because it "is better situated than this Court to marshal the pertinent facts and apply the fact-dependent legal standard[s]." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 (11th Cir. 2010) (quotation marks omitted).

3

Rule 11 provides that the court may impose sanctions on an attorney who pursues a frivolous lawsuit.  Fed. R. Civ. P. 11(b)(1), (b)(2), (c)(1).  "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose."  Baker, 158 F.3d at 524; see also Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831–32 (1989) (stating that a claim is frivolous when "it lacks an arguable basis either in law or fact").  "However, the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression."  Baker, 158 F.3d at 524.

Section 1988 similarly provides that the district court, at its discretion, may award reasonable attorney's fees to the prevailing party in a § 1983 action.  42 U.S.C. § 1988(b).  When a defendant seeks a fee award under that provision, he must show that "that the plaintiff's action was frivolous, unreasonable, or without foundation."  Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 178 (1980) (quotation marks omitted).

The district court did not abuse its discretion in determining that the plaintiffs' § 1983 claim was not frivolous or made for an improper purpose.  The defendants have not established that the claim was legally frivolous.  The complaint alleged that the defendants, as private parties, unlawfully conspired with

4

government officials to violate the plaintiffs' constitutional rights, which is a recognized theory of liability under § 1983.  See Dennis v. Sparks, 449 U.S. 24, 29, 101 S. Ct. 183, 187 (1980) (stating that "[p]rivate parties who corruptly conspire" with government officials "are thus acting under color of state law within the meaning of § 1983").  The district court ultimately found that the plaintiffs had failed to establish a § 1983 claim in part because there was no case law explicitly recognizing the constitutional right the plaintiffs had asserted.  As we have already said, however, "the purpose of Rule 11 is . . . not to deter novel legal arguments."  Baker, 158 F.3d at 524.  While the plaintiffs' claim was ultimately unsuccessful, it is not clear that it was "based on a legal theory that ha[d] no reasonable chance of success."  See id.

The defendants have also not established that the plaintiffs pursued this lawsuit for an improper purpose.  The DHCA and MacGregor contend that the § 1983 claim was improper because their underlying conduct was protected by the First Amendment right to free speech.  They argue that they expressed their opposition to the plaintiffs' subdivision plan only by presenting their grievances to government officials.  However, the plaintiffs' operative complaint alleges that the defendants unlawfully conspired with government officials.  Read charitably, that allegation suggests that the private party defendants did something more than

5

petition or speak to their elected officials, and instead engaged in activity that fell outside the scope of First Amendment protections.

The defendants have also not established that the plaintiffs asserted the § 1983 claim for some other improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  As the district court explained, the plaintiffs "resorted to court action" only after losing a contentious land use dispute, and that "did not constitute the sort of egregious, abusive, bad-faith conduct required to trigger sanctions or an award of attorney[']s[ ] fees."  The district court is in a better position to make that determination "[g]iven [its] familiarity with the case and the parties," Thompson, 610 F.3d at 638, and it acted within its discretion in denying the motions for sanctions and fees.

**AFFIRMED.**