[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10932
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00223-CDL


PEDRO J BURGOS,

Plaintiff - Appellant,

versus

OPTION ONE MORTGAGE CORPORATION,
now known as SAND CANYON CORP,

Defendant - Appellee,

WELLS FARGO BANK NA,
as trustee for Option One Mortgage Loan Trust
2003-1, asset-backed certificates, series 2003-1,

Movant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 19, 2019)

Before WILLIAM PRYOR, MARTIN and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Pedro Burgos ("Burgos") appeals the district court's order denying his motion for sanctions pursuant to Rule 11, Federal Rules of Civil Procedure. Because Burgos cannot demonstrate how the district court abused its discretion in denying the motion, we affirm.

## I. BACKGROUND

In 2013, Burgos sued Option One Mortgage Corporation ("OOMC")[1] in Georgia state court, asserting federal and state law claims relating to allegations that OOMC, Burgos's mortgage loan originator, fraudulently assigned his security deed to Wells Fargo Bank ("Wells Fargo") and that Wells Fargo later wrongfully foreclosed on his home. In August 2013, the state court judge issued an order of default judgment, declaring the original security deed, the assignment to Wells Fargo, and the deed under power to be forgeries and null and void. In October 2013, the court issued a $188,000 judgment against OOMC. The state court closed the case.

---

[1] Option One Mortgage Corporation is now known as Sand Canyon Corporation, but we will continue to refer to the defendant/appellee as OOMC.

2

Three years later, Burgos filed a post-judgment motion to set aside the judgment, asserting that the state court erred in failing to award him at least $400,157.40.  Wells Fargo, having litigated with Burgos over the same property in a separate lawsuit, learned of the case and filed a motion to intervene.  In August 2018, Burgos moved to withdraw his motion to set aside the default judgment and later moved to strike Wells Fargo's motion to intervene and to sanction Wells Fargo for its motion.  Wells Fargo filed an objection, and the state court scheduled a hearing, sending notice to Wells Fargo and OOMC.  OOMC asserts that it first learned of the action from the court's notice.  Before the hearing, Burgos sought to withdraw his still pending motion to set aside the default judgment.  OOMC removed the case to federal court based on diversity and federal question jurisdiction and motioned the district court to set aside the default judgments.

Burgos filed a motion to remand the case to state court and sought Rule 11 sanctions against OOMC, asserting that its removal of the case to federal court was frivolous and in bad faith because it knew there was no pending case in state court at the time of its removal request.  OOMC opposed the Rule 11 motion and cited in its brief that Burgos had not properly served OOMC with the motion prior to filing it with the court.  The district court remanded the case to state court, ruling that because a final judgment had been entered in the state court in 2014 and the

judgment had not been appealed timely, there was no pending action and thus no case or controversy. The district court denied Burgos's motion for sanctions under Rule 11 because it was not convinced that OOMC's removal motion was frivolous or in bad faith. Burgos filed a notice of appeal, and after jurisdictional inquiries and responses, this court noted that it had jurisdiction to entertain Burgos's appeal only as to the denial of his motion for Rule 11 sanctions.

## II. DISCUSSION

We review for abuse of discretion the district court's order denying Rule 11 sanctions. *Baker v. Alderman*, 158 F.3d 516, 521 (11th Cir.1998). Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995).

Burgos cannot demonstrate how the district court abused its discretion, especially in light of its specific finding that it was not convinced that OOMC's motion to remove the case to federal court was frivolous or done in bad faith. At

4

the time it requested the removal, OOMC reasonably believed that a live case was before the state court because Burgos had filed a motion to set aside the judgment, Wells Fargo moved to intervene, and Burgos moved to sanction Wells Fargo. Moreover, the state court had set a hearing on these motions, and it was the notice of the hearing that alerted OOMC about the default judgment. Thus, considering these facts and the district court's specific finding, we conclude that the district court did not abuse its discretion in denying Burgos's motion for sanctions pursuant to Rule 11.

Accordingly, we affirm the district court's order denying Burgos's motion for Rule 11 sanctions.

**AFFIRMED**.