[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11995
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00193-WLS


HAROLD B. MASON,

                                                        Plaintiff-Appellant,

versus

VICKIE CHURCHMAN,
FLINT RIVERQUARIUM, INC.,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 30, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Harold B. Mason, proceeding pro se, appeals the district court's grant of summary judgment in favor of his former employer, Flint RiverQuarium, Inc. Mason contends that the district court erred by not considering evidence of alleged spoliation by RiverQuarium and by not granting his motion for sanctions.[1]

I.

RiverQuarium hired Mason in 2010. When the company fired him the following year, Mason brought a series of administrative, state, and federal actions alleging that RiverQuarium and its employees discriminated against him on the basis of his race, gender, and age. This is Mason's second federal case against RiverQuarium for discrimination.[2]

RiverQuarium moved to dismiss on res judicata grounds and for sanctions. In response, Mason responded and also moved for sanctions and to remove RiverQuarium's attorney, Jason Willcox. Before either motion was decided,

---

[1] Mason also contends that the court erred when it allowed RiverQuarium to submit evidence, without motion or notice, of an official hearing in state superior court. Mason mentions that argument in passing in his brief but does not discuss the issue or cite supporting authority. For that reason, it is abandoned. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 618, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

[2] Mason also asserted claims against two RiverQuarium employees, Sherrell Lamar and Vickie Churchman. He voluntarily dismissed Lamar early in the proceedings, and she is not a party in this appeal. The district court granted Churchman's motion to dismiss. Because Mason does not challenge that decision, he has abandoned that issue. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While the Court of Appeals reads appellate briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are abandoned.") (citations and quotation marks omitted).

2

Mason filed a supplement to his response to RiverQuarium's motion to dismiss, in which he stated that the true target of his complaint is "the destruction of evidence" not discrimination. He filed a number of other motions that were stayed pending resolution of the motion to dismiss.

The district court ruled that the claims brought against RiverQuarium were barred by res judicata because they were litigated and decided in Mason's original federal case. And it refused to consider Mason's assertions that RiverQuarium employees destroyed records because Mason did not include a claim for spoliation in his complaint and failed to properly amend his complaint to add a claim for spoliation. Finally, the court denied the parties' motions for sanctions and dismissed or denied Mason's remaining motions. This is Mason's appeal.[3]

## II.

The district court interpreted RiverQuarium's motion to dismiss as a motion

---

[3] RiverQuarium argues that we lack jurisdiction to consider the merits of Mason's allegations of spoliation or his request for sanctions because those claims relate to alleged misconduct in other lawsuits. We have jurisdiction over an appeal if jurisdiction is both "(1) authorized by statute and (2) within constitutional limits." OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1355 (11th Cir. 2008). Mason's appeal is authorized by statute because he appeals a "final judgment of dismissal with prejudice." Id. at 1355–56 ("Congress authorized by statute appeals from final judgments."). And because that dismissal is adverse to Mason's interests, his appeal satisfies the case or controversy requirement of the Constitution. Id.

RiverQuarium also argues that Mason lacks standing on appeal. We disagree and conclude that the denial of his motion for sanctions and the dismissal of his complaint provide him sufficient standing to appeal both rulings. See Wolff v. Cash 4 Titles, 351 F.3d 1348, 1354 (11th Cir. 2003) ("The primary limitation on a litigant's appellate standing is the adverseness requirement . . . . [A] litigant who is aggrieved by the judgment or order may appeal.") (quotation marks omitted) (alterations accepted).

3

for summary judgment because with its motion RiverQuarium submitted evidence from outside the complaint.  We review de novo the court's grant of summary judgment.  Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255 (11th Cir. 2007).  "Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law."  Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1242 (11th Cir. 2001).  We review for abuse of discretion the district court's sanctions determination under Federal Rule of Civil Procedure 11.  See Baker v. Alderman, 158 F.3d 516, 521 (11th Cir. 1998).

Mason argues that the district court court erred by granting summary judgment without considering his claim that RiverQuarium employees destroyed records in his personnel file.  But Mason did not bring a claim for spoliation in his complaint and never amended his complaint under Federal Rule of Civil Procedure 15(a) to include such a claim.  In his supplement in response to RiverQuarium's motion to dismiss, he asserts that "it is the spoliation of records that [he is] addressing," not potential discriminatory statements by RiverQuarium employees.  But the only claims included in his complaint and properly before the district court were for discrimination, not destruction of evidence.  Because Mason did not properly amend his complaint under Rule 15, the district court did not err by ruling that Mason failed to properly assert a claim for spoliation.  See Gilmour v. Gates,

4

McDonald and Co., 382 F.3d 1312, 1314 (11th Cir. 2004) ("The proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).  A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

Mason also argues that the district court wrongly denied his motion for sanctions.  Mason asserts that sanctions are warranted under Federal Rule of Civil Procedure 37 and an unrelated Department of Health and Human Services regulation.  But Mason didn't raise either of those arguments before the district court, so we do not address them now.  Juris v. Inamed Corp., 685 F.3d 1294, 1325 (11th Cir. 2012) ("A federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal.").  Instead the district court denied Mason's motion for sanctions because he based that motion on Federal Rule of Civil Procedure 11 and the court found that Rule 11 does not apply.  Because Mason does not challenge that ruling on appeal, he has abandoned that issue.  See Timson, 518 F.3d at 874.

Mason does not contest or discuss the district court's remaining rulings, so any challenges to those rulings are also abandoned.  Id.

**AFFIRMED.**